# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

OBAID BEG,

      Appellant,

    v.

DEPARTMENT OF HEALTH AND
  HUMAN SERVICES,

      Agency.

DOCKET NUMBER
DC-0432-13-3191-I-1

DATE: July 5, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Obaid Beg</u>, Ellicott City, Maryland, pro se.

<u>Rebecca Wulffen</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant appealed the agency's decision to remove him effective April 13, 2012, from the position of Chemist, GS-1320-13, based on unacceptable performance. Initial Appeal File (IAF), Tab 1. Prior to his removal, the appellant worked as a Chemist in the agency's Office of the Director, Center for Biological Evaluation and Research (CBER), Food & Drug Administration (FDA). The appellant's duties included performing DNA sequencing, oligonucleotide services, DNA synthesis; gene quantitation; amino acid sequence analysis, amino acid analysis, RNA synthesis; providing expert advice and assistance pertaining to procedures and methods; and assisting the Facility for Biotechnology Resources Director in performing a variety of other work. The appellant's first-line supervisor was Dr. N.N., Director of Programs, and Dr. C.W., Associate Director for Research, Office of the Director, who served as the appellant's second-line supervisor.

¶3        On July 29, 2011, Dr. N.N. placed the appellant on a 60-day performance improvement plan (PIP) due to his unacceptable performance under critical element (CE) II.A Administrative Requirements, CE II.B.1 Technical

Competence and Knowledge, and CE II.B.5 Customer Service. IAF, Tab 13 at 90. The PIP informed the appellant that his performance during the period of his Performance Management Appraisal Plan (PMAP) was unacceptable under these critical elements, and it provided specific examples of his unacceptable performance under each CE. The PIP provided the appellant 60 days to improve his performance. *Id.*

¶4    On January 11, 2012, Dr. N.N. notified the appellant that he had failed to improve his performance to at least minimally successful under CE II.A Administrative Requirements, II.B.1 Technical Competence and Knowledge, and II.B.5 Customer Service and proposed his removal for unacceptable performance. The appellant provided written responses to the proposal notice on January 25 and February 24, 2012. IAF, Tab 11 at 19−181. The agency removed the appellant, effective April 13, 2012, based on unacceptable performance. IAF, Tab 1.

¶5    On appeal, the administrative judge determined that, because the appellant did not challenge whether the Office of Personnel Management (OPM) had approved the agency's performance system, and because there was no reason to believe that OPM had not approved it, she would presume that OPM had approved it. IAF, Tab 37, Initial Decision (ID) at 5. The administrative judge found that the appellant's performance standards were "relatively detailed," the CEs of his performance plan were broken into subelements by job element, the performance standards permitted an accurate evaluation of his job performance based on objective criteria, and the elements properly considered sufficient objective and measurable factors. ID at 7. Thus, after finding that the agency met its burden of proving by substantial evidence that these elements were reasonable, realistic, attainable, clearly stated in writing, and permitted an accurate evaluation of job performance based on objective criteria, the administrative judge found that the agency established that the appellant's performance standards were valid. ID at 7. The administrative judge found further that the appellant's performance standards were communicated to him and

that he was given a reasonable opportunity to improve his performance. ID at 8−10. The administrative judge found that the agency established that, during the PIP period, the appellant's performance failed to reach at least minimally successful in three CEs, i.e., II.A Administrative Requirements, II.B.1 Technical Competence and Knowledge, and II.B.5 Customer Service. ID at 10-16. The administrative judge found, moreover, that the appellant failed to establish his affirmative defenses of discrimination (race, national origin, and sex) based on disparate treatment, ID at 16−20, and retaliation for prior equal employment opportunity (EEO) activity, ID at 20-21. Accordingly, the administrative judge affirmed the agency's removal action.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 On review, the appellant has raised numerous allegations that the PIP process was flawed and that the administrative judge made errors in sustaining the charge and affirming the removal action. Petition for Review (PFR) File, Tab 1. We have considered the appellant's arguments on review. However, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105−06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶7 Here, after thoroughly discussing the record evidence regarding Administrative Requirements, Technical Competence and Knowledge, and Customer Service, the three CEs in which the agency identified the appellant's performance as unacceptable, the administrative judge found that the appellant failed to perform successfully in all three CEs. ID at 10-16. Specifically, the administrative judge found that, based on the detailed documentation and the consistent and thorough testimony of the appellant's immediate supervisor, the

agency proved all five specifications by substantial evidence, and, thus, the administrative judge determined that the appellant performed unsuccessfully in the three CEs and sustained the charge. ID at 12, 14–15.

¶8      The appellant asserts that the administrative judge erred in finding that he did not challenge whether OPM had approved the agency's performance system or whether the agency's plan was correct and honestly prepared. In performance–based actions taken under 5 U.S.C. § 4303, the agency bears the burden of showing by substantial evidence that it effected the action under an OPM‑approved performance appraisal system. *Griffin v. Department of the Army*, 23 M.S.P.R. 657, 663 (1984). If an employee alleges that there is reason to believe that the agency's performance appraisal system lacks OPM's approval, then the Board may require the agency to submit evidence of such approval. *Daigle v. Department of Veterans Affairs*, 84 M.S.P.R. 625, ¶ 12 (1999).

¶9      Here, we have found no evidence in the record indicating that the appellant ever challenged whether OPM had approved the agency's performance system. While the appellant may disagree with the PIP and the performance ratings he received, such disagreement is not a specific challenge to whether OPM had approved the agency's performance system. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 11 n.2 (2010) (explaining that the agency has the burden of proving that OPM has approved its performance appraisal system if the appellant specifically raises such a challenge). Thus, absent a specific challenge, we find that the administrative judge properly presumed that OPM approved the agency's performance appraisal system. ID at 5.

¶10     The appellant appears to argue that the emails between the proposing official (Dr. N.N.) and the deciding official (Dr. C.W.) were improper and indicate that the agency had a "preemptive plan in place" to remove him. PFR File, Tab 1 at 1, 14–16. Specifically, the appellant asserts that emails from the proposing official to the deciding official concerning the PIP reflect that the

agency already had decided to remove him prior to his completion of the PIP. *Id*. We have reviewed these emails, and we disagree that they evince a "preemptive plan" to remove the appellant. In any event, there is no statutory or regulatory prohibition against ex parte communications between the proposing and deciding officials or any other officials or persons during the implementation of the PIP itself. *Fontes v. Department of Transportation*, 51 M.S.P.R. 655, 668 (1991). It is true that the ultimate decision in a performance-based action must be made by the deciding official, and not by some other individual. *See Andersen v. Department of State*, 27 M.S.P.R. 344, 350-51 (1985) (finding that, in a performance-based action, it is the deciding official's independent judgement on the merits that is required by statute, regulation, and judicial precedent), *aff'd*, 790 F.2d 91 (Fed. Cir. 1986) (Table). The administrative judge determined that the deciding official (Dr. C.W.) credibly testified that the appellant's PIP was "very clear and detailed" and that feedback to the appellant from the proposing official was "very clear and specific." IAF, Tab 36, Hearing Compact Disc (HCD); ID at 9. She credibly testified further that the PIP provided the appellant a reasonable opportunity to improve and that it was her independent decision to remove the appellant when he failed the PIP. *Id*. We agree with these findings. Thus, we find no merit to the appellant's assertion that there was a preemptive plan in place to remove him, and he has shown no error by the agency in this regard.

¶11    The appellant also argues that the administrative judge's decision was based on the agency's evidence and documents, which he asserts contained erroneous information. PFR File, Tab 1 at 5. He asserts that, because his responses demonstrated the "untruthfulness" in the agency's evidence, the administrative judge erred by not referencing his hearing testimony or his responses to the removal. *Id*. The administrative judge's failure to mention all of the evidence of record, however, does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129,

132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Here, while the administrative judge did not specifically refer to the appellant's testimony, it is clear from the initial decision that the administrative judge reviewed the entire record and considered the appellant's testimony and responses to the removal action. Thus, we have found no merit to the appellant's assertion.

¶12    In addition, the appellant argues that he was not given a reasonable opportunity to respond to the notice of proposed removal because he was not given sufficient time to access relevant materials. PFR File, Tab 1 at 4, 6-11. The appellant asserts that he requested the opportunity to provide both a written and an oral reply, and he contends that he was denied the opportunity to provide an oral response. *Id.*

¶13    We have reviewed the voluminous record and find that, while the appellant asserted below that he requested the opportunity to make an oral response and that the agency denied his request, there is no evidence in the record to support either that he attempted to schedule an oral response or that the agency denied such a request. IAF, Tabs 32 at 13, 34; PFR File, Tab 1 at 7-10. Further, the record reflects that the appellant provided a lengthy written response. IAF, Tab 11 at 85-181. In addition, because the appellant's written response made the agency aware that he had not been provided access to his emails after being placed on administrative leave, the agency provided him 4 hours to access those documents and the opportunity to submit a supplement to his written response, which he did. *Id.* at 19−85.

¶14    Similarly, the appellant argues that the time allotted by the agency for him to access his work emails to prepare his response to the removal notice was inadequate. PFR File, Tab 1 at 6. He asserts that he was placed on administrative leave on January 11, 2012, and was asked to leave the workplace within an hour. *Id.* He contends that he requested 3-4 days to access relevant data on his computer but that he was provided only a 4-hour window period to access his emails on an agency computer. *Id.* While the appellant argues that he was

harmed because he only had 4 hours to access his emails, he has failed to provide any argument to show what specific emails he allegedly was prevented from obtaining during the time allotted or show that his inability to access such emails prevented him from adequately defending himself against the agency's charge of poor performance. Rather, he generally asserts that he was denied a fair opportunity to respond because the allotted 4 hours was inadequate for him to prepare a response to the notice of proposed removal. *Id*.

¶15    Moreover, the appellant has made no showing of how an oral response or additional time to access his work emails would have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. Harmful error under 5 U.S.C. § 7701(c)(2)(A) cannot be presumed; an agency error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991). Reversal of an action is warranted only where procedural error, whether regulatory or statutory, likely had a harmful effect upon the outcome of the case before the agency. *Baracco v. Department of Transportation*, 15 M.S.P.R. 112, 123 (1983), *aff'd*, 735 F.2d 488 (Fed. Cir. 1984). Therefore, the appellant failed to establish this claim, to the extent that he may have been raising it as an affirmative defense of harmful error.

¶16    To the extent the appellant argues that he proved his discrimination and reprisal claims, we disagree. PFR File, Tab 1 at 5. After thoroughly reviewing the record, we agree with the administrative judge that the appellant failed to provide any evidence to support his claim that discrimination was a motivating factor in his removal. Specifically, as correctly found by the administrative judge, there is no direct or circumstantial evidence, such as suspicious timing, ambiguous oral or written statements, behavior toward or comments directed at other employees in the same protected group as the appellant, and other bits and pieces from which an inference of discriminatory intent might be drawn, to

support his claims of discrimination. In addition, as the administrative judge properly determined, the appellant did not provide any comparator evidence. Further, the administrative judge correctly found that there was no evidence in the record to support the appellant's claim of a hostile work environment. ID at 16‒20; *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 35‒51 (2015).

¶17   Finally, we find that the appellant has failed to establish his claim of retaliation for EEO activity. While it is clear that he had previously filed an EEO claim, and it is likely the accused officials, his supervisors, were aware of his EEO activity, and the removal could, under the circumstances, have been retaliation, the administrative judge correctly found that there is no evidence, whatsoever, that retaliation for EEO activity was in any manner related to, nor a motivating factor in, his removal. ID at 20‒21; *Savage*, 122 M.S.P.R. 612, ¶¶ 35‒51. Thus, the appellant has not proven his affirmative defense by the preponderance of the evidence standard. Accordingly, we conclude that the appellant has provided no basis upon which to disturb the initial decision.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* [42 U.S.C. § 2000e-5](f) and [29 U.S.C. § 794a].


FOR THE BOARD:                              _____
                                            Jennifer Everling
                                            Acting Clerk of the Board

Washington, D.C.